bella [Case No. 501]; 2 Wheat. Append. 51–53. It is not material to this proceeding which interpretation of the rule of bailing prevails, only so far as it touches the rights of parties prosecuting as lawful possessors and owners of property under arrest. No decision questions the competency of a prize court to bail or sell prize property before condemnation, which is in a perishing or perishable state, reserving the proceeds to be adjudicated to the true owner. Such power is just as absolute as that of a direct appropriation of it by the captors, subject to like conditions, and it must necessarily result that it is to be executed by the court under advisement, according to its judgment of the most expedient method of performing the duty. In numerous cases which have already occurred, and been heretofore acted upon by this court, property captured in the Gulf of Mexico, and otherwise distant from this port, has been adjudged to the use of the United States, on report of the naval commander making the capture, and of a sworn appraisement of its value; and in those instances it would be physically impracticable to subject the property to an auction sale, or to delivery on bail.

I retain the conviction that the government possesses the legal right of claiming a direct appropriation to public use of captured property, and that the courts are bound to carry such demand into execution, according to the usual course of procedure before it, and that the course proposed by the order moved for in this suit is allowable and proper.

Order accordingly.

BETTS, District Judge. The motion by the United States district attorney to sell the vessel, because she is in a perishing condition, must, on the evidence before the court, be granted, for that shows her condition to be one eminently exposing her to great injury, if not to immediate total loss. The claimant's proofs and objections only lead to a belief that she may be protected, if not wholly saved, by a more vigilant care bestowed upon her by her keepers, and particularly by pumping her watchfully, and perhaps by other acts of precaution. These must necessarily require expenditures, and the marshal or the prize commissioners, as legal custodians of the prize, pending her keeping in court, are supplied with no means or authority to cause such expenditures to be made. Justice to both parties claiming the vessel demands that a sale of her be ordered. If the claimants were to intervene and offer bail for her value, the objection to her sale would rest upon sounder grounds, but all proffers of such extraneous aid to her preservation by either party leaves the case open for an application, by one claiming a legal right in her, to require a sale of the perishable thing, and have its proceeds put in safety. This is consonant to the ordinary practice in admiralty in suits in rem. Sale ordered accordingly.

## Case No. 4,372.

The ELLA WARLEY.

[Blatchf. Pr. Cas. 213.] [1]

District Court, S. D. New York. Sept., 1862.

---

[1] [Reported by Samuel Blatchford, Esq.]

## Case No. 4,373.

The ELLA WARLEY.

[Blatchf. Pr. Cas. 288.] [1]

District Court, S. D. New York. Dec. 24, 1862. [2]

---

[1] [Reported by Samuel Blatchford, Esq.]
[2] [Affirmed in Case No. 4,374.]